IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2009

GREGORY C. LANGHAM
                CLERK

Civil Action No. 09-cv-01383-BNB

JAMES R. LAWSON,

    Plaintiff,

v.

MORRIS B. HOFFMAN,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff James R. Lawson initiated this action by filing *pro se* a complaint. On July 6, 2009, Mr. Lawson filed an amended complaint on the proper form. Mr. Lawson claims that the Honorable Morris B. Hoffman violated Mr. Lawson's rights under the United States Constitution by dismissing a civil complaint Mr. Lawson filed in the Denver District Court. Mr. Lawson seeks damages as relief.

Mr. Lawson also has filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. That motion will be granted and Mr. Lawson will be allowed to proceed *in forma pauperis* in this action. Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss this action at any time if Mr. Lawson is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B)(iii).

The Court must construe the amended complaint liberally because Mr. Lawson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. **See *id.*** However, the Court should not be an advocate for a *pro se* litigant. **See *Hall***, 935 F.2d at 1110.

Mr. Lawson asserts nine claims for damages arising out of the dismissal of his state court civil complaint. As noted above, Judge Hoffman presided over the state court case filed by Mr. Lawson and dismissed Mr. Lawson's state court complaint. In the nine claims he asserts in this action, Mr. Lawson takes issue with seemingly every action and order entered by Judge Hoffman in the state court proceedings.

Mr. Lawson's claims for damages against Judge Hoffman are barred by absolute judicial immunity. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. **See *Mireles v. Waco***, 502 U.S. 9, 11-12 (1991); ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Hunt v. Bennett***, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Lawson fails to demonstrate or even allege that Judge Hoffman was acting in the clear absence of all jurisdiction when he dismissed Mr. Lawson's state court civil complaint. Although Mr. Lawson accuses Judge Hoffman of acting maliciously and corruptly, the doctrine of absolute judicial immunity still applies to the claims he is raising. **See *Pierson v. Ray***, 386 U.S. 547, 554 (1967). Therefore, the claims asserted against Judge Hoffman will be dismissed based on absolute judicial immunity. Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on June 4, 2009, is granted. It is

FURTHER ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

DATED at Denver, Colorado, this 15 day of ____July____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01383-BNB

James R. Lawson
764 S. Osage Street
PO Box 9758
Denver, CO 80209-0758

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk